# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN NETTE AND RYAN NETTE** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **OMATER TRUCKING L.L.C.** | * | **MAG. DIV.:** |
| | * | |
| **************************************** | | **TRIAL BY JURY** |

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiffs, John Nette and Ryan Nette, persons of full age residing and domiciled in the Parish of St. Tammany, Louisiana, who respectfully pleads the following:

1.      This Honorable Court possesses subject matter jurisdiction by virtue of 28 U.S.C. § 1332, based on the complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

2.      Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) as the train/truck collision and events giving rise to the claim occurred in this federal district, in particular, at a railroad grade crossing on Louisiana Highway 46/St. Bernard Highway near the intersection of Center Street in Arabi, Louisiana.

3.      Defendant, Omater Trucking L.L.C. ["Omater"], is a foreign limited liability company domiciled in the State of Florida and keeps its principal place of business in the State of Florida. All members of the Defendant's L.L.C. are non-Louisiana residents.

4.      At all material times to this action, the Plaintiffs, John Nette and Ryan, were employed by Norfolk Southern Railway Company ["NSRC"] as a Freight Conductor and Locomotive Engineer, respectively, and engaged in interstate commerce.

5.      On March 11, 2022, Plaintiff Ryan Nette was operating the lead locomotive on NS Train A65A811, pulling a train that, upon information and belief, bore a consist of one locomotive engine and 9 rail cars.  Plaintiff, John Nette, was positioned on the outside of the last rail car conducting the train's movement in accordance his job duties.

6.      The subject railroad grade crossing is identified as U.S. Department of Transportation Crossing 725758U and forms the intersection between NSRC's mainline railroad track and St. Bernard Highway Parkway.  Upon information belief, the subject crossing, at the time of the collision, possessed the following active warning devices: two cantilevered flashing lights, bells; and the following passive warning devices: two white reflectorized railroad cross bucks.

7.      On March 11, 2022, Omater's employee, Jermell Roberson, a truck driver, was operating an 18-wheeler Tractor-Trailer traveling on St. Bernard Highway.  At that time, Omater, through its employee, negligently, carelessly, and/or recklessly entered the subject railroad crossing despite being confronted with active warnings indicating the approach of an on-coming train, thus causing the locomotive and train operated by Plaintiffs to crash into Omater's Tractor-Trailer.

8.      Plaintiffs specifically plead that on March 11, 2022 they were performing their duties in the usual and customary safe manner when the Omater Tractor-Trailer failed to yield to the on-coming train, entered the grade crossing, and caused this collision.  As a direct result of the collision, Plaintiff, John Nette, sustained injuries to his neck, upper back, left knee, right shoulder, and other musculoskeletal and orthopedic injuries for which he has undergone multiple

injections and continued medical treatment. As a direct result of the collision, Plaintiff, Ryan Nette, sustained injuries to his neck, upper back, right knee, right shoulder, and other musculoskeletal and orthopedic injuries for which he has undergone multiple injections and continued medical treatment.

9.      Plaintiffs specifically plead that at the time of this collision they were able-bodied railroad workers, and that the negligence of Defendant, Omater, through its employee, Jermell Roberson, directly caused severe injuries, which have further caused physical and mental pain, as well as, economic loss for lost wages, fringe benefits, and unpaid expenses for which Plaintiff demands recovery.

10.     Plaintiff further pleads that Defendant, Omater, through its agents, servants, and employees negligently and/or carelessly failed to exercise reasonable care thereby causing and/or contributing to the aforementioned collision; and the negligence of Defendant, Omater, includes, but is not limited to the following acts to-wit:

A.  Defendant Omater's employee, Jermell Roberson, negligently, carelessly, and/or recklessly violated LA. REV. STAT. 32:171, "Obedience to Signal Indicating Approach to Train," in failing to yield to the oncoming NSRC train upon which the Plaintiffs were working aboard carrying out their job duties.

B.  Defendant Omater's employee negligently failed to keep a proper lookout for the on-coming NSRC train.

C.  Defendant Omater's employee negligently failed to keep and maintain proper control of his vehicle during the collision with the on-coming NSRC train.

D.  Specifically, Omater is vicariously liable for the negligent conduct of its employee, Jermell Romerson, truck driver committed in the course and scope of his/her employment under the doctrine of *respondeat superior*.

E.  Defendant Omater is directly liable for its negligent failure to properly train its employee with regard to railroad grade crossing safety.

F. Defendant Omater is directly liable for its negligent hiring of its employee truck driver.

G. Defendant Omater is directly liable for its negligent supervision of its employee truck driver.

H. Other acts and omissions and/or violations of Federal Motor Carrier Safety Standards to be enumerated at the trial of this matter.

11. Plaintiffs demand all damages reasonable on the premises and specifically itemizes the following damages suffered for which he seeks recovery:

A. Physical Pain and Suffering, Past and Future;

B. Mental Pain and Suffering, Past and Future;

C. Disability, if any;

D. Aggravation or Exacerbation of any Pre-existing Conditions;

E. Loss of Enjoyment of Life, if any;

F. Past Lost Wages;

G. Future Lost Earning Capacity and Fringe Benefits, if any;

H. Unpaid Past Medical Expenses;

I. Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if necessary;

12. Plaintiffs reserve the right to supplement and amend this Complaint, as additional facts become known.

13. Plaintiffs are entitled to and demand a trial by jury.

WHEREFORE, Plaintiffs, John Nette and Ryan Nette, pray that Defendant, Omater, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiffs, John Nette and Ryan Nette, and against Defendant, Omater, for all sums reasonable in the premises,

together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

Date: October 17, 2022

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER**

*/s/ Joseph M. Miller, Esq.*

BY: _____
**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
450 North Causeway Blvd., Suite D
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
Facsimile:  (985)612-3072

**Attorneys for Plaintiffs,**
**John Nette and Ryan Nette**

**Service To:**
Omater Trucking L.L.C.
c/o MFF & Associates, L.L.C.
142 NW 37th Street
Miami, Florida 33127