## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN NETTE** | * | **CIVIL ACTION NO.: 2:22-03949** |
| | * | |
| **VERSUS** | * | **HON. JUDGE WENDY VITTER** |
| | * | |
| **OMATER TRUCKING L.L.C.** | * | **MAG. JUDGE VAN MEERVELD** |
| | * | |
| **************************************** | | **TRIAL BY JURY** |

---

### JOINT PROPOSED JURY CHARGES

---

Plaintiff, John Nette, submits the following Joint Proposed Jury Charges on behalf of all parties.  Objections by either party are footnoted pursuant to the Court's instructions:

**Members of the Jury:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to  be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the

1

evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**No. 1: Burden of Proof: Preponderance of The Evidence**

John Nette has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that John Nette has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## No. 2: Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude an- other fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## No. 3: Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**No. 4: Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## No. 5: No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**No. 6: Legal Cause**

As to the requirement that plaintiff's injuries be caused by defendant's conduct, I do not mean that the law recognizes only one cause of injury consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things may operate at the same time, either independently or together, to cause injury or damage. You should resolve this question by deciding whether Mr. Nette would probably have suffered the claimed injuries in the absence of defendant's conduct.

If plaintiff probably would have suffered those injuries regardless of what the defendant did, then you must conclude that the injuries were not caused by the defendant, and render a verdict for the defendant. If, on the other hand, plaintiff probably would not have suffered the claimed injuries in the absence of defendant's conduct then you must conclude the defendant's conduct did play a part in plaintiff's injury and you must proceed to the next element.

An act or failure to act is a legal cause of injury whenever it appears from the evidence in the case that (1) but for the defendants act or failure to act, the plaintiff would not have been injured and (2) the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result, in a natural or continuous sequence, unbroken by any efficient, intervening cause, or a reasonably probable consequence of the act or omission. Not every injury that follows an accident necessarily results from it.

A defendant is liable for injuries which were legally caused by the defendant's negligence. A defendant is not liable for damages caused by separate, independent, or intervening causes of damage, that is, damages not legally caused by the negligence of the defendant.

The plaintiff must prove causation by a preponderance of the evidence. The test for determining the causal relationship between the accident and an injury is whether the plaintiff proved that it is more probable than not that the accident was the legal cause of that injury.

8

**No. 7: Charts and Summaries**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

## No. 8: Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## No. 9: Bias—Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

### No. 10: Consider Damages Only If Necessary

If John Nette has proved his claim against Omater Trucking, LLC by a preponderance of the evidence, you must determine the damages to which John Nette is entitled. You should not interpret the fact that I am giving instructions about Plaintiff John Nette's damages as an indication in any way that I believe that John Nette should, or should not, win this case.

It is your task first to decide whether Defendant Omater Turcking, LLC is liable for damages. I am instructing you on damages only so that you will have guidance in the event you decide that Omater Trucking, LLC is liable and that Plaintiff is entitled to recover money from Omater Trucking, LLC.

## No. 11: Compensatory Damages

If you find that Omater Trucking, LLC is liable to John Nette, then you must determine an amount that is fair compensation for all of John Nette's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make John Nette whole—that is, to compensate John Nette for the damage that he has suffered. Compensatory damages are not limited to expenses that John Nette may have incurred because of his injury. If John Nette wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Omater Trucking, LLC's wrongful conduct.

You may award compensatory damages only for injuries that John Nette proves were proximately caused by Omater Trucking LLC's allegedly wrongful conduct. The damages that you award must be fair compensation for all of John Nette's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant Omater Trucking, LLC. You should not award compensatory damages for speculative injuries, but only for those injuries that John Nette has actually suffered or that John Nette is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that John Nette prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by John Nette by a preponderance of the evidence: Past Medical Expenses, Past and Future Pain and Suffering, and Past Lost Earnings.

13

**No. 12: Past and Future Pain and Suffering**

You may award damages for any bodily injury that John Nette sustained as well as damages for any pain and suffering that he experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate John Nette for the damages he has suffered.

There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

The law recognizes that a plaintiff may suffer mental distress and anguish as a result of an incident as well as physical pain and suffering. You are permitted to consider such consequences as a part of the general damages which you may award. By "mental distress and anguish" I mean substantial worry or concern, grief and the like.

14

## No. 13: Mitigation of Damages[12]

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

---

[1] Plaintiff reserves his objection to a Charge on Mitigation based on the evidence taken at trial.  Mr. Nette has not declined to take advantage of opportunities or medical treatment that were plainly available and that would have minimized his damages.  Mr. Nette has return to full duty employment.  The burden of proving mitigation of damages lies with the Defendant.  Therefore, the Court should rule on the Charge based on the evidence at trial.
[2] Defendant refers to Pattern Jury Instruction 15.5. Mr. Nette is claiming lost wages in addition to medical expenses further whether all medical treatment was reasonable or necessary is a question for the jury.

## No. 14: Nominal Damages[34]

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence that John Nette sustained an accident but that John Nette suffered no actual loss as a result of this violation, then you may award John Nette nominal damages.

---

[3] Plaintiff objects. This Charge is not applicable to the case at hand. The Fifth Circuit has consistently held that "a plaintiff is entitled to an award of nominal damages for the violation of his civil rights, even where there is no injury." Although the universe of "civil rights" violations for which nominal damages are appropriate is n0t well defined, the Fifth Circuit has provided some guidance, awarding nominal damages for civil rights violations traceable to the Constitution and to federal civil rights statutes. The Fifth Circuit has held, generally, that the violation of one's constitutional rights is worth, at least, nominal damages. The Fifth Circuit in *Farrar v. Cain* explained that nominal damages are appropriate when the infringement of a certain and fundamental right is established, such as a violation of one's rights under the First Amendment.
*David v. Signal Int'l, LLC*, CIVIL ACTION No. 12-557 SECTION "E", at *5-6 (E.D. La. Sep. 9, 2015)
[4] Defendant refers to Pattern Jury Instructions 15.6 which is not limited to federal civil rights claims, but damages generally.

## No. 15: Award of No Damages[56]

A judgment awarding no damages is valid where the plaintiff fails to prove damages caused by the tortious act of the defendant, even though the defendant may have been at fault.

> *Jefferson v. Landwehr,* 409 So.2d 351 (La. App. 1S$^t$ Cir. 1981), *writ denied,* 413 So.2d 498 (La. 1982);
> *Unique Construction Co. v. S.S. Mini Storage, Inc.,* 570 So.2d 161 (La. App. 5th Cir. 1990).

---

[5] Plaintiff objects because the Charge is redundant of the Fifth Circuit Pattern.  The legal requirement to establish "Causation" on page 8 *infra*, also states: "A defendant is not liable for damages caused by separate, independent, or intervening causes of damage, that is, damages not legally caused by the negligence of the defendant."
[6] Defendant asserts that this is a case of stipulated liability and clarification to the jury that they can award no damages is essential.

### No. 16: Plaintiff Must Prove that, More Probably than Not, that the Medical Treatment was Necessitated by Trauma in the Accident. [7][8]

A plaintiff may recover past medical expenses which (he)she incurs as a result of an injury. However, the plaintiff must prove that, more probably than not, the medical treatment was necessitated by trauma in the accident.

> *White v. Longanecker,* 93-1122 (La. App. 1st Cir. 5/23/94), 637 So.2d 1213, *writ denied,*
> 94-1704 (La. 10/7/94), 644 So.2d 640;
> *Este v. State Farm Ins. Co.,* 96-99 (La. App. 3rd Cir. 7/10/96); 676 So.2d 850.
> *Fontenot v. Duplechine,891* So. 2d 41, 47,2004 La. App. LEXIS 2975, 12-13,04-424
> (La.App. 3 Cir. 12/08/04);(La.App. 3 Cir.Dec. 8, 2004)

---

[7] Plaintiff objects on the basis that the Charge is redundant of the Fifth Circuit Instruction on "Legal Cause" on page 8.

[8] Defendant asserts this matter is subject to Louisiana State, not federal, law. Clarification of Louisiana law should be permitted.

## No. 17: Award Not Subject to Taxes

I charge you that in the event you determine to award damages, you may, in fixing the amount, take into consideration the fact that any award you make is not subject to income or other taxes.

*DeBose v Trapani,* La.App. 1974, 295 So.2d 72.

Or

I further instruct you that if your verdict should be in favor of the plaintiff, you will not add to the amount you may award any sum of money for income taxes. In such event, the amount you may award is exempt by law from federal income taxation.

## No. 18: Damages- Not to Include Attorney's Fees and Court Costs

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney's fees; the law does not consider these as damages suffered by the plaintiff.

## No. 19: Considerations[910]

The question of whether a minimal or minor collision can cause the kind of injuries plaintiff has alleged he sustained is a factual question that you, the jury, may consider.

> *Breen v. Soileau,* 92-352, 609 So.2d 864 (La. App. 5th Cir. 11/12/92);
> *Fair v. Empire Fire & Marine Ins. Co.,* 22334, 579 So.2d 1105 (La. App. 2d Cir. 5/8/91); *Coleman v. U.S. Fire Insurance Co.,* 89-646, 571 So.2d 213 (La. App. 3d Cir. 12/12/90); *Delahoussaye v. State Farm,* 86-976, 520 So.2d 891 (La. App. 3d Cir. 11/4/87), *writ denied,* 87-2589, 522 So.2d 561 (La. 12/18/87);
> *Gilbert v. Waddell,* 5566, 501 So.2d 330 (La. App. 4th Cir. 1/14/87), *writs denied,* 870595, 87-0625, 505 So.2d 57, 58 (La. 4/23/87);
> *Fisher v. Knight,* 381 So.2d 968 (La. App. 4th Cir. 1980).

---

[9] Plaintiff objects to the Charge on the basis it falls outside the Fifth Circuit Pattern Instruction. The Charge assumes to ask the jury to focus on the effect of a minor or minimal rather than *any type* of collision. The Charge creates a borderline presumption when the facts in this case show considerable damage to the train and the truck.

[10] Defendant asserts the extent of damage is in dispute. No property damage was claimed by the railroad in this low speed collision. Further, this matter is subject to Louisiana State, not federal, law.

## No. 20: Statements of Attorneys

Statements of any attorney in this case as to his estimate of dollar amounts to be awarded for any claims such as pain and suffering or similar claims, are not evidence and you should disregard them. The determination of damages is solely your function, and your decision must be based upon competent evidence, and not upon figures suggested by an attorney.

18 La. Civ. L. Treatise, Civil Jury Instructions § 1.04 (2d ed.)

## No. 21: Verdict For Defendant[1112]

If the plaintiff does not prove by a preponderance of the evidence all the essential elements of the claim, then your verdict should be for the defendant. The defendant does not have to prove his lack of fault or any essential element of the case. It is sufficient to award a verdict for the defendant if the plaintiff does not prove by a preponderance of the evidence all of the elements required by law.

---

[11] Plaintiff objects to the Charge on the basis it is redundant of the Pattern Charge on p. 3 on Preponderance and on Page 8 regarding Legal Cause.

[12] Defendant asserts this matter is subject to Louisiana State, not federal, law. Clarification of Louisiana law should be permitted. Further, the jury should be clearly informed that even though the Defendant does not have to prove lack of fault.

**No. 22: Proof of Injury**

When a plaintiff fails to prove that an accident caused an injury, he cannot recover. Fault alone does not produce recovery. It is the fault which causes some damage that produces recovery or reparation for the damage under Civil Code Art. 2315. When this cause in fact element is not proved, even though negligence or fault is proved, recovery of damages is not allowed.

## No. 23: Aggravation of Pre-Existing Condition

You may award damages for aggravation of a pre-existing condition or activation of such latent condition.  If you find there was such an aggravation, you should determine, if you can, what portion of Mr. Nette's condition resulted from the aggravation and make an allowance in verdict only for the aggravation.  Defendant can only be held liable for the that portion of Mr. Nette's present injury that is the result of Defendant's aggravation of his pre-existing condition.

*Landry v. CSXT*, Civil Action No. 2:22-00872, R. Doc. 40, p. 16 (E.D. La. June 29, 2022 )

## No. 24: Causative Link[13][14]

Before recovery can be granted for aggravation of a pre-existing condition, a causative link between the accident and the plaintiff's current status must be established.  The test for determining a causal relationship between an accident and subsequent injuries in a personal injury suit is whether the plaintiff proved through medical testimony that it was more probable than not that subsequent injuries were caused by trauma suffered in the accident.

*McInnis v. Bonton,* 2017-0088, p. 4 (La. App. 1 Cir. 9/21/17); 232 So.3d 22

In a personal injury case such as this, the plaintiff bears the burden of proving by a preponderance of the evidence the accident and her complained-of injuries. The test for determining a causal relationship is whether the plaintiff proved through both medical and lay testimony that it was more probable than not that the injuries and subsequent medical treatment were caused by the accident. The mere possibility of a causal connection is not sufficient.

*Rhodes v. State Through Dept. Of Transp. and Development,* 94-1758 (La. App. 1s[t] Cir.

5/5/95), 656 So.2d *650, judgment partially vacated on other grounds,* 95-1848 (La. 5/21/96), 674 So.2d 239;

*Creel v. S.A. Tarver & Son Tractor Co.,* 537 So.2d 752 (La. App. 1s[t] Cu. 1988) (citing *Mart v. Hill,* 505 So.2d 1120 (La. 1987));

*Jaffarzad v. Jones Truck Lines, Inc.,* 561 So.2d 1/14 (La.App. 3r[d] Cir.), *writ denied,* 565 So.2d 450 (La. 1990);

*Wells v. Allstate Ins. Co.,* 510 So.2d 763 (La.App. 1s[t] Cir.), *writ denied,* 514 So.2d 463 (La. 1987).

---

[13] Plaintiff objects to the Charge as redundant of the Legal Cause Charge on p. 8.
[14] Defendant asserts this matter is subject to Louisiana State, not federal, law. Clarification of Louisiana law should be permitted. This charge also expands upon the required causative link as being more than a mere possibility.

## No. 25: Direct and Proximate Cause[15][16]

A tortfeasor is liable only for the direct and proximate results of his wrongful acts, including aggravation of any pre-existing injuries. Although a tortfeasor takes his victims as he finds him, the tortfeasor cannot be held liable for injuries which are not attributable to the wrongful act. In such situations, plaintiff is required to prove a causal connection between the damages claimed and the accident by a reasonable preponderance of the evidence.

> *Sanders v. Collins,* 551 So.2d 644, 651 (La. Ct. App. 1st Cir. 1989), *writ denied,* 556 So.2d 1261 (La. 1990)

> *Giesler v. U.S. Fid. & Guar. Co.,* 498 So.2d 292, 294 (La. Ct. App. 4th Cir. 1986)

---

[15] Plaintiff objects to the Charge as redundant of the Legal Cause Charge on p. 8.
[16] Defendant asserts this matter is subject to Louisiana State, not federal, law. Clarification of Louisiana law should be permitted.

## No. 26: Inconsistent prior statements[1718]

If the testimony of a witness in court is inconsistent with a prior statement he or she has made, you have to decide if the testimony of the witness in court should be rejected because it is inconsistent with his prior statements. If you decide that the testimony has been discredited, then you must decide what weight, if any, to give to the testimony. If you find that a witness has testified falsely as to a material fact, then you have the right to reject the entire testimony of the witness or to reject only part of the testimony, based upon how much you are impressed with the truthfulness of the witness.

18 La. Civ. L. Treatise, Civil Jury Instructions § 2:6 (3d ed.)

[17] Plaintiff objects to the Charge as it redundant of the nearly same Charge on p. 10.

[18] Defendants assert this Charge expands upon the charge cited by Plaintiff.

# No. 27: Expert Testimony[19][20]

Under Louisiana law the trier of fact is not bound by the testimony of an expert, but such testimony is to be weighed the same as any other evidence. The trier of fact may accept or reject in whole or in part the opinion expressed by an expert. The effect and weight to be given expert testimony is within the broad discretion of the trier of fact. The importance placed upon such testimony is largely dependent upon the expert's qualifications and the facts that form the basis of his opinion. Further, the trier of fact may substitute his/her own common sense and judgment for that of an expert witness when such a substitution appears warranted on the record as a whole.

> *Shows v. Shoney's, Inc.,* 98-1254, p. 18 (La. App. 1 Cir. 7/29/99); 738 So.2d 724, 737
> *See Green v. K-Mart Corp.,* 2003-2495, p. 5 (La. 5/25/04); 874 So.2d 838, 843
> *See also Harris v. State ex rel. Dept. of Transp. and Development*, 2007-1566 (La. App. 1 Cir. 11/10/08); 997 So.2d 849, 866

After weighing and evaluating the evidence, you have the right to accept or reject the opinion of any medical expert. You should evaluate medical testimony according to the same rules applicable to any other witness. You are not bound by the testimony of medical experts. You may use your own common sense and judgment, substituting it for that of a medical expert wherever warranted by the evidence as a whole. In other words, you are not bound by the opinion of a medical expert if you find that the opinion does not make good common sense when viewing the evidence as a whole.

> *Tyler vs. Richardson,* 476 So.2d 899 (La. App. 2 Cir. 1985).
> *Newitt vs. Hospital Corp. of La.,* 417 So.2d 391 (La. App. 5 Cir. 1982).
> *Matirne vs Wilson,* 336 So.2d 960 (La. App. 4 Cir. 1976).
> *Jennings vs. Halliburton Co.,* 346 So.2d 268 (La. App. 4 Cir. 1977).
> *Galloway vs. Gaspard,* 340 So.2d 579 (La. App. 1 Cir. 1976).

---

[19] Plaintiff objects to the Charge as redundant of the Pattern Charge on p. 6.
[20] Defendant asserts these charges expands upon the Pattern Charge with Louisiana law and alludes to the use of common sense.

**No. 28: Statements of Pain by a Plaintiff Are Self-Serving.[2122]**

Statements made by an individual that he or she is injured or in pain are self-serving declarations and are entitled to such weight as the jury may choose to give them after careful consideration. Although a plaintiff in a personal injury case may prove her case by his or her own testimony standing alone, it should be recognized that a plaintiff for personal injuries is always prone to exaggerate her damages.

*Anderson v. Simmons,* 75 So.2d 34 (La. App. Orleans1954),
*Cade v. Tafan,* 34 So.2d 72 (La. App. Orleans1948).

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER**

*/s/ Joseph M. Miller*

BY: _____

**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
450 N. Causeway Blvd., Suite D
Mandeville, Louisiana 70448
Telephone: (985) 612-3070
Facsimile:  (985)612-3072

**CERTIFICATE OF SERVICE**

I do hereby certify that on February 23, 2024, I electronically filed the foregoing pleading

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing

to all counsel of record.

*/s/ Joseph M. Miller*
Joseph M. Miller

---

[21] Plaintiff objects to the Charge as outside the Fifth Circuit Pattern and unnecessary.  The Charge would impermissibly step upon the jury's role to establish facts and evaluate the credibility of witnesses.  In contrast, the jury could be instructed that corporations or insurance companies are prone to minimize the damages of those they injure.  Both should be impermissible.

[22] Defendants assert that this is a permissible charge in Louisiana law and the Plaintiff bears the burden of proof here with the possibility of secondary gain. The proposed charge by Plaintiff is not commensurate with the charge proposed.